UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BELINDA SAAVEDRA, ADRIANNA SAAVEDRA, ANTHONY SAAVEDRA, EMMANUEL DOZIER, DAMIAN DOZIER,<br><br>          Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the state of NEVADA; Police Chief RICHARD PERKINS; Acting Sheriff DOUGLAS C. GILLESPIE; Metro SWAT Sgt. JAMES CAUSEY; Police Officers SEAN MALIA, CHUCK COLLINGWOOD, JOE EMERY, PAT LEDBETTER, MARK LINEBARGER, RICHARD GAY, MARK FOWLER, BOB MONTES, BRIAN PETERSON, PAUL COBB, and DOUG ERICSSON,<br><br>          Defendants. | Case No.: 2:11-cv-00613-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#35) |

      Before the Court is Defendants Douglas Gillespie, Sgt. James Causey, Chuck Collingwood, Joe Emery, Pat Ledbetter, Mark Linebarger, Rich Gay, Bob Montes, Brian Peterson, Doug Ericsson, and Sean Malia's **Motion to Dismiss** (#35, filed Dec. 15, 2011) based on Rule 12(c) of the Federal Rules of Civil Procedure. The Court has also considered Plaintiffs Belinda

Saavedra, Adrianna Saavedra, Anthony Saavedra, and Damian Dozier's Opposition (#36, filed Jan. 3, 2012), and Defendants' Reply (#37, filed Jan. 19).

## BACKGROUND

This is a § 1983 case brought against several Las Vegas Metropolitan Police Department ("Metro") officers for excessive use of force during the course of an arrest. Plaintiffs assert the following allegations in support of their case. On December 28, 2008, Defendant Causey received a request to execute a search warrant at Plaintiff Emmanuel Dozier's ("Dozier") home in Henderson, Nevada. The warrant was based on three undercover drug sales which had previously occurred at the home. At around 9:30 P.M., Causey and a SWAT team surrounded the home to execute the warrant. Plaintiff Emmanuel Dozier was inside the home with Plaintiff Belinda Saavedra ("Saavedra") and her two children, Adrianna Saavedra and Damian Dozier. At some point, Saavedra awakened Dozier to tell him that someone was trying to break into the home. Dozier told Saavedra to take the two children to a nearby closet and call the police, and then Dozier went to get his gun. Soon thereafter Dozier began firing his gun at the officers, allegedly believing they were intruders.

Meanwhile, Saavedra called the police and was told by the dispatcher that it was law enforcement that was trying to enter the home. Saavedra then informed Dozier of that fact and eventually law enforcement instructed them to exit the home. After exiting the home, Dozier was dragged away by some of the officers, who allegedly also shoved and kicked him. Saavedra and her daughter Adrianna were also shoved and pulled by the hair, and Saavedra was kneed in the back while holding her infant son Damian. Anthony Saavedra, also one of Saavedra's children, arrived shortly thereafter and was taken into protective custody along with Adrianna and Damian.

In December 2010, Plaintiffs sued Defendants in Nevada state court and in April 2011 the case was removed to this Court. Plaintiffs assert the following causes of action: (1) Fourth Amendment search and seizure, Fourteenth Amendment loss of physical property; (2) assault and battery; (3) false arrest and false imprisonment; (4) malicious prosecution; (5) civil

2

conspiracy; (6) intentional infliction of emotional distress; (7) respondeat superior; and (8) negligence.  Defendants have now filed a motion for judgment on the pleadings (though they style their motion as a motion to dismiss).  For the reasons discussed below, the Court grants the motion in part and denies it in part.

## DISCUSSION

### I.    Legal Standard

A motion made under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed."  Once pleadings are closed, "a party may move for judgment on the pleadings" under Rule 12(c).  However, the legal standard for either motion is virtually the same—the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted); *Fetrow-Fix v. Harrah's Entertainment, Inc.*, 2010 WL 4774255, *3 (D. Nev. 2010)).  The only difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole," and not merely the complaint. *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004)).  Because Defendants have already filed their answers, they have filed this motion under Rule 12(c).

### II.   Analysis

#### A.    Fourteenth Amendment

Plaintiffs' first claim for relief alleges a violation of rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, namely, the rights to be free from an unreasonable search and seizure, and "loss of physical liberty."  It is not clear whether Plaintiffs' reference to the Fourteenth Amendment is a mere formality recognizing incorporation of the Fourth Amendment against the states through the Fourteenth Amendment, or if it is an entirely separate claim.  The fact that Plaintiffs allege "loss of physical liberty," however, leads the Court to believe the reference to the Fourteenth Amendment is an entirely separate claim.  To the extent

it is an entirely separate claim it is dismissed because Fourteenth Amendment excessive force claims only apply to pre-trial detainees, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), and Plaintiffs were not pre-trial detainees at the time of the alleged constitutional violations. Rather, the alleged constitutional violations occurred during the course of an arrest, and "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' . . . should be analyzed under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Thus, again, to the extent Plaintiffs assert a Fourteenth Amendment claim it is dismissed as their factual allegations fall within the contours of the Fourth Amendment. On the other hand, if Plaintiffs' reference to the Fourteenth Amendment is a mere formality then the motion is denied as moot because the Defendants are not contesting, at least at this point in the litigation, either the reference to the Fourteenth Amendment or the underlying Fourth Amendment claims. Regardless, the practical effect is the same in that no independent Fourteenth Amendment claim proceeds.

     **B.**    **Battery and Assault**

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact. To establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive contact, and (2) such contact did occur. *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev. 2001) (citing *Restatement (Second) of Torts* §§ 13, 18, 21). Defendants only challenge Plaintiffs' assault and battery claims as they relate to Damien Dozier, Saavedra's infant son. Plaintiffs allege that Saavedra was kneed in the back while she was holding Damien, and that Defendants intended to use physical force against Damien. The Court finds this allegation is sufficient to survive a motion to dismiss. A reasonable person could conclude that kneeing a person in the back while the person was holding an infant is intent to cause harmful or offensive contact to the infant. Therefore, the Court denies Defendants' motion as to this claim.

///

### C. False Arrest and False Imprisonment

The Court dismisses Plaintiffs' false arrest/false imprisonment claim. "A police officer is not liable for false arrest or imprisonment when he acts pursuant to a warrant that is valid on its face." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1143–44 (Nev. 1983). Therefore, because Plaintiffs do not allege that the warrant executed by the Defendants was facially invalid, they fail to state a claim for false arrest or false imprisonment.

### D. Malicious Prosecution

The Court also dismisses Plaintiffs' malicious prosecution claim. Plaintiffs assert their malicious prosecution claim against various Metro officers. Plaintiffs allege that the officers were responsible for Saavedra's children being removed from her custody and for the subsequent abuse and neglect charge filed against her. However, a malicious prosecution claim against a police officer has been described by one Supreme Court Justice as "anomalous," because prosecutors—not police officers—prosecute criminal actions. *Albright v. Oliver*, 114 S. Ct. 807, 816 n. 5 (1994) (Ginsburg, J., concurring). And there is no allegation in Plaintiffs' complaint that the Defendant officers pressured, or attempted to influence, the prosecutors into prosecuting Saavedra or Dozier. Therefore, the Court dismisses this claim.

### E. Civil Conspiracy

Plaintiffs' assert their civil conspiracy claim against various Metro officers. Plaintiffs allege that the officers conspired with each other to violate their rights. Nowhere in the complaint do the Plaintiffs name a prosecutor from the Clark County District Attorney's Office as a Defendant. Yet, Plaintiffs argue in their opposition to this motion that the officers conspired with certain unnamed prosecutors to both deprive Saavedra of her children and to maliciously prosecute her for abuse and neglect. The Court refuses to allow Plaintiffs to change the substantive allegations in their pleadings. Furthermore, the Court dismisses Plaintiffs civil conspiracy claim as it is plead because the officers are all of the same governmental entity—Metro—and an entity is incapable of conspiring with itself. *Laxalt v. McClatchy*, 622 F.

Supp. 737, 745–46 (D. Nev. 1985).  Therefore, the Court dismisses this claim.  The Court also refuses to grant leave to amend the Complaint in this order.  If Plaintiffs desire to amend their complaint they can file a separate motion to that effect.

### F.   Intentional Infliction of Emotional Distress

The Court dismisses Plaintiffs intentional infliction of emotional distress claim because they fail to allege that they have suffered severe or extreme emotional distress.  *Star v. Rabello*, 625 P.2d 90, 91–92 (Nev. 1981).

### G.   Negligence

The Court dismisses Plaintiffs' negligence claim because they fail to assert a proper duty of care.  The duty of government, such as police officers, runs to all citizens.  *Bruttomesso v. Las Vegas Metro. Police Dep't*, 591 P.2d 254, 255 (Nev. 1979).  Thus, unless Plaintiffs allege some special relationship or duty particular to them—which they fail to do—the Defendant officers cannot be liable for negligence for their alleged misconduct.  *Id*.  Accordingly, the Court dismisses this claim.

### H.   Respondeat Superior

The Court dismisses Plaintiffs' seventh claim for relief of respondeat superior because respondeat superior is not a cause of action, it is a method of imputing liability on one person (usually an employer) for the conduct of another (usually an employee).

### I.   Discretionary Immunity

The Defendants are only entitled to discretionary immunity if they meet two criteria: (1) their alleged misconduct must involve an element of choice or judgment, and (2) that judgment is based on consideration of social, economic, or political policy.  *Butler ex rel Biller v. Bayer*, 168 P.3d 1055, 1066 (Nev. 2007).  Here, Plaintiffs do not contest that Defendants' alleged misconduct involved an element of choice or judgment.  However, Plaintiffs argue, and the Court agrees, that Defendants' exercise of judgment was not grounded in public policy.  They were not

///

engaging in policy-making decisions. They were simply deciding how to properly and effectively execute a warrant. Therefore, the Court finds that discretionary immunity is not applicable.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#35) is GRANTED in part and DENIED in part. The Court dismisses the following claims: Plaintiffs' first claim for relief, to the extent it includes a separate claim under the Fourteenth Amendment; false arrest and false imprisonment; civil conspiracy; intentional infliction of emotional distress; negligence; and respondeat superior. All other claims remain.

Dated: March 26, 2012

_____
**ROGER L. HUNT**
**United States District Judge**