UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BELINDA SAAVEDRA, *et al.*, | ) |
|     Plaintiffs, | ) Case No. 2:11-cv-00613-MMD-GWF |
| vs. | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | ) |
|     Defendants. | ) |

This matter comes before the Court on Defendants' Memorandum of Fees and Costs Pursuant to Court Order (#50) (#51), filed on August 8, 2012. No opposition was filed and the time for response has now expired.

### BACKGROUND

On July 24, 2012, the Court granted Defendants' Motion to Compel (#48), based on Plaintiffs' failure to respond to Defendants' discovery requests and otherwise oppose the motion. The Court further awarded Defendants their attorneys' fees and costs incurred in having to bring the motion because of Plaintiffs' failure to participate in the discovery process. The Court instructed Defendants to file a memorandum of fees and costs. On August 8, 2012, Defendants filed this Memorandum (#51), requesting reimbursement of fees and costs in the amount of $5,149.

### DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must

calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

        Defendants request a total of $5,149 in fees associated with bringing the Motion to Compel (#48).  Defendants request reimbursement of attorneys' fees and costs at an hourly rate of $190.00 for the time of Peter M. Angulo, Esq.   After reviewing Defendants' Memorandum and the affidavit of Peter Angulo, the Court finds that the Defendants have offered sufficient evidence that the above hourly rate is reasonable.

        Defendants' attorney states that he spent 16.30 hours preparing written discovery, which Plaintiffs failed to answer, and 10.80 hours preparing the motion to compel.  The Court awarded Defendants "their reasonable attorneys fees and costs incurred in bringing th[eir] Motion to Compel." *See* Order (#50).  The Court's Order (#50) however does not extend to reimbursement for fees incurred in preparing the written discovery in this matter.  The Court will not award fees incurred in preparing, drafting and finalizing written discovery requests.  Defendants also request reimbursement for $475 (2.5 hours x $190) in fees incurred in reviewing the billing records and drafting this instant Memorandum.  The scope of the Court's Order (#51) does not extend to Defendants' fees associated with drafting this Memorandum, and therefore none will be awarded.  Considering the totality of the circumstances, the Court finds that the 8.3 hours spent by Mr. Angulo is a reasonable amount of time to prepare Defendants' Motion to Compel.  Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to the Defendants in the amount of $1,577.00.  The relevant factors are subsumed in this calculation of

the reasonable attorneys' fees,  and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are to pay Defendants the total sum of **$1,577.00**.  Plaintiffs are further ordered to make full payment to Defendants by **Monday, September 24, 2012.**

DATED this 27th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge