UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BELINDA SAAVEDRA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 2:11-cv-00613-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 49;<br>Defs.' Motion to Dismiss – dkt. no. 56) |

**I.　SUMMARY**

Before the Court are Defendants' Motion to Dismiss Litigation for Failure to Participate in Discovery (dkt. no. 49) and Motion for Involuntary Dismissal for Failure to Comply with Court Order (dkt. no. 56.)  Plaintiffs did not file responses to either Motion.

**II.　BACKGROUND**

This is a 42 U.S.C. § 1983 case brought against several Las Vegas Metropolitan Police Department ("LVMPD") officers for excessive use of force during the course of an arrest.  Plaintiffs sued Defendants alleging various constitutional and common law torts.  After a Motion to Dismiss was filed, the Court permitted Plaintiffs' Fourth Amendment claims, as well as their battery and assault claims, to proceed to discovery.  (Dkt. no. 40.)

After discovery commenced, Defendants filed their Motion to Dismiss Litigation for Failure to Participate in Discovery.  (Dkt. no. 49.)  Through this Motion, Defendants seek a dismissal of the action alongside an award of monetary sanctions for failure to

1  participate in required discovery. They allege that Plaintiffs did not cooperate with
2  discovery demands concerning written discovery responses and refused to attend
3  required psychological examinations. Plaintiffs did not file a response, but did confer
4  with Defendants and sought two extensions to respond to the discovery requests.

5  A day after they filed their Motion, the presiding Magistrate Judge granted
6  Defendants' Motion to Compel Plaintiffs to respond to requests for production and
7  interrogatories, and awarded Defendants fees associated with bringing the Motion. (Dkt.
8  nos. 50 and 54.)

9  On August 31, 2012, Defendants filed their Motion for Involuntary Dismissal for
10 Failure to Comply with Court Order. (Dkt. no. 56.) They represent to the Court that
11 Plaintiffs have yet to comply with their discovery obligations in violation of the Magistrate
12 Judge's Order, and now seek involuntary dismissal of the entire litigation. The deadline
13 for Plaintiffs to make the required productions was August 17, 2012. (*See* dkt. no. 53.)
14 Plaintiffs again failed to respond to Defendants' Motion.

15 **III.  DISCUSSION**

16 Federal Rule of Civil Procedure 41(b) provides:

17 > If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

21 Since dismissal is a harsh penalty that should only be imposed in extreme
22 circumstances, the Ninth Circuit has stated that a deciding court must consider the
23 following five factors in determining whether to dismiss a case for lack of prosecution:
24 "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to
25 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
26 favoring disposition of cases on their merits; and (5) the availability of less drastic
27 sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*,
28 460 F.3d 1217, 1226 (9th Cir. 2006) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Allen*, 460 F.3d at 1226 (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998)). Applying these factors to the case at hand, the Court determines that dismissal is appropriate. This is particularly true where Plaintiffs have failed to respond to Defendants' Motions. *See* Local Rule 7-2(d) (providing that a party's failure to respond to a motion constitutes granting of that motion).

### A. The Public's Interest in Expeditious Resolution of Litigation

When considering the first factor, the Court must find unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). Here, Plaintiffs not only failed to comply with a Court order, but have failed to respond to Defendants' Motions. The last filing from Plaintiffs appears to be the parties' stipulation to extend discovery deadlines, filed on August 14, 2012. Since that time — over five months — Plaintiffs have not appeared or sought to oppose Defendants' requests. As it is Plaintiffs' responsibility to move the case toward disposition on the merits, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), the Court finds that Plaintiffs' inaction has unreasonably delayed this case.

### B. The Court's Need to Manage its Docket

This factor is typically reviewed in conjunction with the first factor as "a housekeeping measure related to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transp. Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Similar to factor one above, the second factor weighs in favor of dismissal because the Court must efficiently manage its docket and this cannot occur due to Plaintiffs' unreasonable delay.

### C. The Risk of Prejudice to the Defendant

For want of prosecution to be prejudicial to the defendants, it must "threaten to interfere with the rightful decision of the case." *Rubin v. Belo Broad Corp. (In re Rubin)*, 769 F.2d 611, 618 (9th Cir. 1985). Moreover, a defendant may be prejudiced by a plaintiff's noncompliance by undue delay. *Nealey*, 662 F.2d at 1280. The Ninth Circuit

has interpreted Rule 41(b) "to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. S. Pac. Co.*, 428 F.2d 787 (9th Cir. 1970)); *see also States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803 (9th Cir. 1970). The Ninth Circuit has consistently "held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d at 524 (citing *Alexander v. Pac. Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970)); *Pearson v. Dennison*, 353 F.2d 24 (9th Cir. 1968). Injury is assumed when an unreasonable delay exists. *States Steamship Co.*, 426 F.2d at 804. In addition, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987) (citing *Nealey*, 662 F.2d at 1280).

In the present matter, Plaintiffs have not demonstrated any diligence in prosecuting their claims. They have essentially failed to participate in discovery despite the Court's Order compelling them to engage in discovery. Plaintiffs' latest inactivity in the case encompassed a period of five months. Plaintiffs' want of prosecution has substantially and unreasonably delayed the matter causing Defendants to incur costs and be substantially prejudiced.

### D.     The Public Policy Favoring Disposition of Cases on Their Merits

The Ninth Circuit holds that "public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Allen*, 460 F.3d at 1226. However, resolution on the merits cannot occur if the case is stalled or unreasonably delayed by a plaintiff's failure to comply with discovery obligations. *Id.* at 1228. If the plaintiff is the party causing the delay, dismissal is the appropriate sanction, because it is the plaintiff's responsibility to move the case toward disposition on the merits. *In re Exxon Valdez*, 102 F.3d at 433.

///

In the present matter, Plaintiffs' delay has stalled this case. Public policy favors the disposition of cases on the merits but it also favors the just and speedy determination of every action. Fed. R. Civ. P. 1. This is particularly true where, as here, Plaintiffs have failed to respond or oppose Defendants' Motions to Dismiss, and have failed to comply with the Court's Order. Therefore, although public policy disfavors dismissal in most circumstances, here, public policy supports the dismissal of this case due to Plaintiffs' unreasonable delay.

### E.  The Availability of Less Drastic Sanctions

In a determination of whether to dismiss a case for want of prosecution, the reviewing court "should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). The Ninth Circuit, in assessing whether a district court has properly considered less drastic sanctions must consider the following questions:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Malone*, 833 F.2d at 132. Some of these less drastic sanctions include:

> (1) a warning, (2) a formal reprimand, (3) placing the case at the bottom of the calendar, (4) a fine, (5) the imposition of costs or attorney fees, (6) the temporary suspension of the culpable counsel from practice before the court, . . . (7) dismissal of the suit unless new counsel is secured [,] . . . (8) preclusion of claims or defenses, (9) or the imposition of fees and costs upon plaintiff's counsel . . . .

*Id*. at 132 n.1 (citation omitted, enumeration added).

Here, Plaintiffs were given ample opportunities to comply with their discovery obligations, even seeking various extensions to do so. But it appears that they have altogether given up on prosecuting their action, and do not intend to comply with the Court's Order. Accordingly, no less drastic sanction is appropriate in this circumstance.

///

///

## IV. CONCLUSION

After analyzing the Ninth Circuit factors used to determine whether to dismiss a case for lack of prosecution, the Court holds that this case should be dismissed. In light of the attorney's fees already imposed by the Magistrate Judge, the Court declines to award Defendants costs associated with the independent psychological examinations.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (dkt. nos. 49 and 56) are GRANTED. The Clerk of Court shall close this case.

DATED THIS 31st day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE